IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **LANSANA MANSARAY,**<br>Plaintiff,<br><br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);**<br>**LAURA B. ZUCHOWSKI,**<br>Director, Vermont Service Center,<br>In her *individual and official capacities*,<br>Defendants. | Case No. 2:24-CV-01101<br><br>**Bench Hearing Requested** |

## THIRD AMENDED COMPLAINT

Plaintiff Lansana Mansaray brings this civil rights and administrative challenge under **42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents, 5 U.S.C. § 706(2)(A)**, and **28 U.S.C. § 2201**, seeking redress for the unconstitutional denial of his I-360 VAWA petition. Plaintiff alleges that the decision, made by Director Laura B. Zuchowski and USCIS, relied on undisclosed, biased, and inaccessible police reports and ignored exculpatory evidence — violating due process under the Fifth Amendment and the Administrative Procedure Act.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to:

- **28 U.S.C. § 1331** (federal question),
- **28 U.S.C. § 1343(a)(3)** (civil rights violations),
- **5 U.S.C. §§ 701–706** (APA),
- and under the **Bivens** doctrine for direct constitutional violations by federal officers.

Declaratory relief is authorized under **28 U.S.C. § 2201**.

Venue is proper in this District under **28 U.S.C. § 1391(b)** because Defendant Zuchowski is employed at the Vermont Service Center and the relevant adjudication occurred in Vermont.

## PARTIES

- **Plaintiff Lansana Mansaray** is a survivor of domestic abuse and a former resident of Pennsylvania. He filed a VAWA petition to remain lawfully in the United States and protect his parental rights to his two U.S. citizen children, L.J.M. and J.A.M., who are currently in the custody of non-relatives in Pennsylvania. Plaintiff is not asserting claims on behalf of the minors in this action.
- **Defendant U.S. Citizenship and Immigration Services (USCIS)** is a federal agency within the Department of Homeland Security responsible for adjudicating immigration petitions, including VAWA self-petitions.
- **Defendant Laura B. Zuchowski** is the Director of the USCIS Vermont Service Center. She is sued in her official capacity for injunctive and declaratory relief and in her individual capacity for constitutional violations under *Bivens*.

## STATEMENT OF FACTS

1. **Plaintiff's VAWA Petition Under 8 U.S.C. § 1154(a)(1)(A)(iii):**
   On February 21, 2016, Plaintiff Lansana Mansaray filed a self-petition for lawful permanent residency under the Violence Against Women Act (VAWA), pursuant to 8 U.S.C. § 1154(a)(1)(A)(iii). This statute enables abused spouses of U.S. citizens to independently seek immigration relief without the involvement of their abusive partner.
2. **Documentary and Affidavit Evidence Submitted:**
   In support of his VAWA petition, Plaintiff submitted extensive evidence, including:

- A sworn personal affidavit detailing the abuse and extreme cruelty he suffered from his U.S. citizen spouse;
- A joint tax return with his spouse;
- A certified marriage certificate and birth certificates of his children;
- A Pennsylvania state background check showing no criminal convictions, except for a disputed misdemeanor arrest;
- Character affidavits from five individuals, including Rev. David Janz, Pastor Samuel Wagner, Beryl Dakers, Paula Krizon, and Darla Doods—spiritual leaders and associates from Christ United Methodist Church—attesting to Plaintiff's good moral character;
- A letter from a Children and Youth Services caseworker affirming Plaintiff's strong parenting abilities.

3. **USCIS Issuance of Prima Facie Determinations:**

   Based on the evidence provided, USCIS issued three separate prima facie determinations in favor of the Plaintiff, acknowledging his preliminary eligibility under the VAWA framework:

- **Exhibit A** – Prima Facie Determination dated September 17, 2017;
- **Exhibit B** – Prima Facie Determination dated March 13, 2018;
- **Exhibit C** – Prima Facie Determination dated February 21, 2019.

   Each prima facie determination recognized Plaintiff's compliance with statutory VAWA requirements, including the criteria of abuse, shared residence, and good moral character.

4. **Plaintiff's Arrest and Unavailable Police Report:**

   On August 23, 2016, Plaintiff was arrested in Pennsylvania on a child endangerment charge amid a contentious custody dispute. He was later convicted on December 28, 2016, in a trial marred by Brady violations, introduction of false evidence, and ineffective assistance of counsel. These events are currently under review in two federal cases: *Mansaray v. Daly, et al.*, No. 1:25-cv-20 (W.D. Pa.) and *Mansaray v. Wenner, et al.*, No. 24-1591 (3d Cir.). Plaintiff served five months, was rearrested, detained for another 95 days, and deported on April 27, 2017—separating him from his children. The charges

were based on a prejudicial and misleading police narrative that excluded exculpatory facts. (See **Exhibit D** – USCIS Denial Notice).

5. **Use of Inadmissible and Non-Public Police Reports by USCIS:**
   On August 14, 2018, USCIS, under the supervision of Defendant Laura B. Zuchowski, received and relied upon an arrest report from the Oil City Police Department. This report falsely associated Plaintiff with a prior sexual assault allegation and contained confidential details from a Protection from Abuse (PFA) order filed by Paula Rosetta Krizon. These non-public materials were improperly used to evaluate Plaintiff's moral character:

"Your administrative file also indicated that you may have been a person of interest for a sex assault charge on June 27, 2014, as shown in an Oil City Police Department Incident Report... a protection order placed on you by Paula Rosetta Krizon... started on July 6, 2016."

The use of this confidential, non-public information violated Plaintiff's due process rights and contravened federal VAWA confidentiality safeguards. (See Exhibit E)

6. **USCIS Knew Plaintiff Could Not Access the Police Report:**
   USCIS requested that Plaintiff provide a copy of the arrest report to clarify the incident. However, at the time of this request, Plaintiff had already been removed from the United States. The Oil City Police Department refused to release the report electronically and required Plaintiff to appear in person with a $15 check to obtain it. (See **Exhibit F** – Email correspondence).

7. **USCIS Denial Based on Inaccessible and Unverified Evidence:**
   On November 19, 2021, USCIS issued a denial of Plaintiff's I-360 petition, stating:

"The petitioner's Form I-360... was denied because they did not establish their eligibility under the requirement of being a person of good moral character. Specifically, the petitioner failed to provide sufficient evidence regarding their criminal history, including arrest reports and details of the events leading to their arrests. The seriousness of the charges... led USCIS to determine that the petitioner did not meet the good moral character requirement."
(**Exhibit D** – USCIS Denial Notice, Nov. 19, 2021)

8. **Violation of Constitutional and Administrative Protections:**

   By denying Plaintiff's petition based on secretive and inaccessible evidence, USCIS violated his Fifth Amendment right to due process and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), which prohibits arbitrary and capricious agency action. (See Exhibit G).

9. **Legal Precedent Supporting Plaintiff's Position:**

   Cases such as *Singh v. Ashcroft*, *Gonzalez v. Attorney General*, and *Mendez v. Attorney General* reinforce that not all misdemeanor charges constitute grounds for denying relief under immigration statutes—particularly when the petitioner qualifies for VAWA protections. Furthermore, USCIS's use of confidential PFA records and unverified police reports in a discretionary moral character analysis contravenes the confidentiality protections afforded to VAWA self-petitioners under 8 U.S.C. § 1367 and established agency guidance. (See Exhibit H)

# STATEMENT OF CLAIMS

### Count I

### Violation of Due Process (Fifth Amendment, Bivens)

Defendant Zuchowski, acting under federal authority and in her official capacity as Director of USCIS, violated Plaintiff's due process rights by denying him a fair hearing and meaningful opportunity to rebut or inspect the evidence used against him. Plaintiff was removed from the country and unable to access the police report USCIS required for adjudication.

### Count II

### Arbitrary and Capricious Agency Action (APA, 5 U.S.C. § 706)

USCIS denied Plaintiff's I-360 petition based on unverified, third-party police records that Plaintiff was unable to access or dispute. The denial also failed to consider the three prima facie

determinations and multiple affidavits attesting to Plaintiff's good moral character. Such conduct is arbitrary, capricious, and in violation of the Administrative Procedure Act.

## Count III

### Declaratory and Injunctive Relief (28 U.S.C. § 2201 et seq.)

Plaintiff seeks a declaratory judgment that USCIS's denial of his VAWA petition was unlawful. He further seeks injunctive relief compelling USCIS to reopen and fairly adjudicate his petition without reliance on secretive, inaccessible, or prejudicial evidence.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Declare** that USCIS's denial of Plaintiff's I-360 petition violated his due process rights under the Fifth Amendment and the Administrative Procedure Act;
2. **Order** USCIS to reopen and re-adjudicate Plaintiff's VAWA petition, excluding reliance on any confidential, undisclosed, or inaccessible evidence;
3. **Enjoin** USCIS from using the Oil City Police Department's unreleased report or any similar third-party documents inaccessible to Plaintiff;
4. **Award** all reasonable costs and attorneys' fees pursuant to applicable law;
5. **Grant** such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

By/s/Lansana Mansaray

P.O. Box NG 508, Nungua Accra, Ghana, W/Africa

Email: lansanamansaray2070@gmail.com

Dated: April 8th 2025