**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

**LANSANA MANSARAY,**
Plaintiff,
v.
**U.S. CITIZENSHIP AND IMMIGRATION** )
**SERVICES; LAURA B. ZUCHOWSKI**, )
Director, U.S. Citizenship and Immigration )
Services Vermont Service Center, in her )
individual and official capacities,

Defendants.

**Case No.** 2:24-CV-01101

**Hon. Geoffrey W. Crawford**
United States District Judge

## PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Plaintiff Lansana Mansaray, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Judgment entered on August 28, 2026 (ECF Nos. 57, 58), which dismissed Plaintiff's Third Amended Complaint (ECF No. 18) in full and dismissed Plaintiff's Motion to Compel (ECF No. 40) as moot.

In support of this Motion, Plaintiff states as follows:

1. This Motion is timely filed within twenty-eight (28) days of the entry of Judgment, as required by Fed. R. Civ. P. 59(e).

2. Alteration or amendment of the Judgment is warranted to correct manifest errors of law and fact and to prevent manifest injustice. As set forth fully in Plaintiff's contemporaneously filed Memorandum of Law, those errors include: (a) sustaining dismissal while 42 pages of the administrative record remained withheld from Plaintiff, contrary to the full-record requirement of Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971); (b) resolving Plaintiff's missing-report claim under a deferential APA standard without addressing the Accardi framework

this Court had already identified as controlling in its March 17, 2026 Order (ECF No. 39), in violation of SEC v. Chenery Corp., 332 U.S. 194 (1947); (c) overlooking the documented physical impossibility of Plaintiff's obtaining the 2016 arrest record while abroad, contrary to the "any credible evidence" standard of 8 U.S.C. § 1154(a)(1)(J); and (d) applying a harmless-error analysis limited to Exhibit K that does not reach or cure the independent, structural Accardi violation as to the 2016 arrest report under Montilla v. INS, 926 F.2d 162 (2d Cir. 1991).

3. The full legal standard, argument, and supporting authority are set forth in Plaintiff's Memorandum of Law and the accompanying Exhibits, filed contemporaneously herewith and incorporated by reference.

4. A proposed order is submitted herewith.

WHEREFORE, Plaintiff respectfully requests that this Court alter or amend the Judgment entered August 28, 2026, and:

(a) VACATE the August 28, 2026 Judgment (ECF Nos. 57, 58) dismissing the Third Amended Complaint;

(b) REOPEN this action for immediate merits review on a complete record;

(c) LIFT THE STAY and GRANT Plaintiff's Motion to Compel (ECF No. 40), ordering the immediate production of the 42 withheld pages of the adjudicative record; and

(d) REMAND this matter to U.S. Citizenship and Immigration Services (USCIS) with an explicit order to re-adjudicate the application pursuant to the mandatory Accardi framework, the Chenery doctrine, and the statutory "any credible

evidence" provision of 8 U.S.C. § 1154(a)(1)(J), and retain jurisdiction over this action to enforce compliance.

Respectfully submitted,

s/ Lansana Mansaray

Lansana Mansaray, Plaintiff Pro Se

P.O. Box NG 508, Nungua, Ghana, West Africa
lansanamansaray2070@gmail.com

Dated: September 3, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing Motion was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Lansana Mansaray
Lansana Mansaray